United States District Court
Southern District of Texas
**ENTERED**
December 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROSY FERNANDES, § | |
| A # 245-498-761 § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-5598 |
| § | |
| WARDEN RANDALL TATE, *et al.* § | |
| § | |
| Respondents. § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING WRIT OF HABEAS CORPUS

Petitioner Rosy Fernandes is detained in the custody of officials with the United States Department of Homeland Security Immigration and Customs Enforcement (ICE). Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1). She states that she is a citizen of India; that she entered the United States on November 23, 2023, and that the respondents released her to parole on the same day; that she has applied for political asylum; that she appeared for a check-in appointment with ICE on November 7, 2025; that, at the appointment on November 7, 2025, ICE officials re-detained her without written notice, hearing, or a meaningful opportunity to be heard; and that she remains in custody. She argues that her re-detention violates the Due Process Clause. She seeks immediate release from custody and an order

permanently enjoining her re-detention absent written notice and a hearing, among other relief.

The respondents oppose habeas relief and argue that, despite her prior release on parole, the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) (Dkt. 9). They also assert that the petitioner has not met her burden to show that she exhausted administrative remedies.

Having considered the parties' arguments and all matters of record, the Court determines that the petitioner, who previously was released on parole, is not subject to mandatory detention under 8 U.S.C. § 1225(b). *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514 (7th Cir. Dec. 11, 2025); *Behnam Goorakani v. Lyons*, No. 25-CV-9456 2025 WL 3632896 (S.D.N.Y. Dec. 15, 2025); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025). The Court further determines that the exhaustion doctrine does not bar judicial review. *See id*. at * 3 (exhaustion was not statutorily required under the circumstances and the issue of statutory interpretation belongs in the province of the courts); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (exhaustion is not statutorily required and was excused given that available remedies provided no genuine opportunity for adequate relief and the petitioner raised a substantial

constitutional question); *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *6 (W.D. Tex. Sept. 22, 2025).

The Court therefore **ORDERS** that the respondents' request for summary judgment (Dkt. 9) is **DENIED**. The petitioner's petition for habeas relief is **GRANTED**.

The Court further **ORDERS** the parties to appear at a hearing by Zoom on **Monday, December 22, 2025**, to discuss appropriate habeas relief in this case. The Court will issue a separate order setting the hearing. At the hearing, the petitioner will have an opportunity to propose specific remedies and timing of the remedies. The respondents will have an opportunity to respond. The parties are **INSTRUCTED** to confer before the hearing to identify any areas of agreement between them.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on   December 17  , 2025.

                              GEORGE C. HANKS, JR.
                             UNITED STATES DISTRICT JUDGE